## State of Vermont v. Tobey Parker

[560 A.2d 383]

No. 86-276

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 14, 1989

*Jeffrey L. Amestoy, Attorney General, Susan R. Harritt, Assistant Attorney General,* and *Ilona Bessenyey, Legal Intern,* Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Morse, J.** The sole issue on appeal is whether defendant's conviction for second-degree arson violated the Vermont Constitution's Separation of Powers clause.[1] Defendant claims that his constitutional rights were violated by the judge's contributions in drafting the information. We disagree and affirm the conviction.

---

[1] Chapter II, Section 5 states:
> The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others.

Defendant was initially charged that he

> wilfully and maliciously set fire to, and caused to be burned, a structure belonging to the Mt. Anthony School District, housing the Mt. Anthony Boys and Girls Program on Congress Street [in Bennington], in violation of 13 V.S.A. Sec. 503.

Another count was added two months later charging that defendant

> aided in the Commission of a felony, to wit: Arson in the Second Degree, of the building housing the Mt. Anthony Boys and Girls Program in violation of 13 VSA 3.

Before trial began, the trial judge stated on the record that the second count had been amended to conform with the arson statute, 13 V.S.A. § 503.[2] The judge advised:

> I have pursuant to our discussion prior to trial redrafted Count Two, and I'm going to give it to the jury this way, subject to reasonable objection:

>> On the 9th day of June, 1985, wilfully and maliciously aided in the burning of a structure belonging to Mount Anthony School District . . . in violation of 13 Vermont Statutes Annotated, Section 503.

Neither the State nor the defendant objected, both attorneys stating that they had "no problem" with the charge as read. Defendant now claims that this procedure was plain error.

The defendant correctly states that the executive branch, here represented by the state's attorney, is the exclusive charging authority. See *In re Sealed Case,* 838 F.2d 476, 488 (D.C. Cir. 1988). Nonetheless, we do not find plain error when the circumstances reasonably permit the conclusion that the court was merely acting as scrivener to correct a technical requirement. See *State* v. *Burclaff,* 138 Vt. 461, 465, 418 A.2d 38, 41 (1980). The State intended to charge defendant with being an accessory. The amendment did

---

[2] The amendment was necessary because 13 V.S.A. § 503 ("wilfully and maliciously aids, counsels or procures the burning of any building"), being the more specific provision, governs over the general provision, 13 V.S.A. § 3 ("A person who aids in the commission of a felony shall be punished as a principal."). See *Goodemote* v. *Scripture,* 140 Vt. 525, 531, 440 A.2d 150, 153 (1981).

not alter this intent; it was made simply to conform with the arson statute. If the amendment altered the charge in any way, it was to increase the State's burden by adding the language "wilfully and maliciously." There was no prejudice to defendant in these circumstances.

The State did not need to charge defendant as being an accessory in any event. "[T]he conviction of a defendant, charged as a principal, who has been shown to have done no more than aid in the commission of the crime [is permitted]." *State* v. *Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981).

*Affirmed.*